UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA as assignee and subrogee of Griffith Laboratories, Inc.,<br><br>Plaintiff<br><br>v.<br><br>RAYMOND KELTNER,<br><br>Defendant. | Case Number: |

## COMPLAINT

Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, by and through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, files a Complaint against Defendant, Raymond Keltner, and in support thereof avers the following:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a corporation formed and existing in accordance with the laws of the Commonwealth of Pennsylvania, with a principal place of business at 175 Water Street, New York, NY 10038.

2. Raymond Keltner ("Defendant") is an individual person who resides at 2451 Roxbury Lane, Montgomery, Illinois 60538.

3. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(1) because Defendant resides in this district.

## Facts

5. Defendant began working for Griffith Laboratories, Inc. ("Griffith") in its Oswego, Illinois plant in 1983.

6. Defendant worked as a maintenance mechanic.

7. Defendant had a company purchase card that he was authorized to use to purchase materials for the plant.

8. In August 2012, Defendant began using the company purchase card to buy building wire and copper tubing for his own personal use.

9. Defendant's position at Griffith did not require him to purchase building wire or copper tubing, and there is no employment-related reason that Defendant would have been purchasing these products.

10. Defendant continued to purchase building wire and copper tubing until August 12, 2015.

11. Griffith discovered defendant's scheme on August 13, 2015, when a new plant manager examined the receipts for defendant's purchases.

12. When confronted about his scheme on August 27, 2015, Defendant admitted to purchasing the wire and tubing for his personal use.

13. Defendant signed a written confession to the misappropriation.

14. Defendant was terminated on August 27, 2015.

15. In total, Defendant misappropriated $299,522.95 worth of wire and tubing for his own benefit.

16. Defendant assigned his 401k to Griffith, as well as the value of his Employee Stock Ownership Plan, which in total were equal to $171,932.74.

17. An outstanding loss of $127,590.21 remains.

18. National Union issued a policy of insurance (No. 01-137-62-77) (the "Policy") to Griffith insuring Griffith for losses sustained.

19. Pursuant to the Policy, National Union indemnified Griffith for losses it sustained as a result of the Defendant's actions.

20. As a result of indemnifying Griffith, National Union has become subrogated to Griffith.

21. In addition, Griffith assigned its claims to National Union.

## COUNT I - Conversion

22. National Union repeats and re-alleges each of the allegations contained above as if fully set forth herein.

23. Without Griffith's consent and without lawful justification, Defendant deprived Griffith of its rightful possession and ownership of its funds.

24. Defendant's actions were wanton, willful and malicious.

25. Despite demand, Defendant has not returned the funds to Griffith.

26. As a result of Defendant's actions, National Union has suffered a loss in the principal amount of $127,590.21.

## COUNT II – Fraud

27. National Union repeats and re-alleges each of the allegations contained above as if fully set forth herein.

28. By using his company purchase card for his personal benefit, defendant concealed his misappropriation as business expenses.

29. By having his misappropriation approved as business expenses, defendant acted with the intent to deceive Griffith.

30. Defendant's actions deceived Griffith.

31. Defendant's actions were wanton, willful and malicious.

32. As a result of Defendant's actions, National Union has suffered a loss in the principal amount of $127,590.21.

## COUNT III – UNJUST ENRICHMENT

33. National Union repeats and realleges the above allegations as if set forth herein.

34. Defendant had access to his company purchase card.

35. Defendant obtained a benefit in the amount of $299,522.95 through inappropriate and unauthorized use of the company purchase card.

36. Defendant retained such benefit by not returning $127,590.21.

37. It is inequitable for Defendant to continue to retain the benefit he received without disgorging such benefit.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks compensatory damages in an amount no less than $127,590.21, according to proof; punitive damages due to Defendant's conduct; and any such other or further relief as the Court deems just and proper.

                                    McELROY, DEUTSCH, MULVANEY
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                              & CARPENTER, LLP

/s/ Matthew A. Lipman

MATTHEW A. LIPMAN, ESQUIRE
1617 JFK Blvd., Suite 1500
Philadelphia, PA 19103
215-557-2900 (T)
215-557-2990 (F)
mlipman@mdmc-law.com

Dated: October 8, 2018

Attorneys for Plaintiff,
National Union Fire Insurance Company of
Pittsburgh, PA, as assignee and subrogee of Griffith
Laboratories, Inc.